PER CURIAM:
Claimant brought this action for damage to her 1987 Chevrolet Corsica. The incident occurred on County Route 50/5 also referred to as Winding Road, near W averly, Wood County, when a portion of the road slipped and gave way. This portion of road is maintained by the respondent. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on June 5, 2000, at approximately 5:00 p.m. It was a nice, warm, sunny day. Claimant was traveling County Route 50/5 from her home to the store with her two young children in the car with her. She was approximately five miles from her home when she approached an oncoming car. She drove her vehicle toward the edge of the road far enough to allow room for the other vehicle to pass safely. Although her right side tires were partially off the road, she testified that most of the right side tires remained on the road. Her vehicle was completely stopped for a few seconds. Once the other vehicle passed, Ms. Bettinger tried to maneuver her vehicle back into the driving portion of the road, when suddenly she felt a bump and the car shaking. Suddenly, the edge and the berm of the road slipped and gave way. The vehicle flipped over onto the passenger side in a ditch approximately five feet deep. The bottom of the ditch was made up of large rocks. Ms. Bettinger and her two young children escaped from the vehicle by climbing out the driver’s side window. The force of the impact totaled claimant’s vehicle which she purchased in 1998 at a cost of $1,200.00. Claimant also submitted a tow bill in the amount of $80.00. However, claimant had insurance in place which paid $50.00 on the tow bill, limiting her to a recovery of $30.00. It is claimant’s position that the respondent is liable in this claim for failing to provide adequate warning to the traveling public of a hazardous condition.
The testimony and photographs introduced by the claimant indicate that the edge of Route 50/5 as well as part of the berm slipped and gave way beneath the right side tires causing the vehicle to flip over into the ditch. Evidence also established that high weeds and brush at this location prevent approaching traffic from seeing the deep hole just off the edge of the road, and that there was no warning sign in place.
Respondent asserts that it did not have notice of this particular hazard and that it did have a warning sign at this location at one time; however, the warning sign apparently had been removed unbeknownst to the respondent. Lowell Bumgard, Transportation Crew Supervisor for the respondent in Wood County, testified that he is responsible for the maintenance of Route 50/5. He is familiar with Route 50/5. He testified that this route is a secondary route and he described it as being curvy and narrow. At the location of this incident, the road is only twelve feet wide. Mr. Bumgard stated that the berm of the road varies from one to four feet at various *32 locations. He also testified that respondent has a pipe crossing in place at the location where claimant’s vehicle flipped over. He described it as a metal pipe approximately forty-eight inches in diameter. He also stated that there is no concrete at this location, either on the road or supporting the pipe. He stated that the head wall built on the pipe may appear to resemble concrete but it is only rocks. This pipe is located in this area for the purpose of draining a creek that flows through the area.
Mr. Bumgard testified that he did not have any complaints on record regarding the condition of the road near the location at issue, nor did he have any notice that the warning sign also referred to as a hazard paddle was missing, until after the incident. He stated that there had been a hazard paddle at the location at one time, but it was missing at the time this incident occurred. He stated that he and the crew he supervises try to keep hazard paddles up at narrow spots in the road where there are pipe crossings. This is intended to warn motorist of a hazard. However, he also stated thatthese hazard paddles often come up missing and that it takes time to notice this and to replace them. He testified that it is his job to inspect every route in his area at least once per month.
The law is well established that the State is neither an insurer nor guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). For respondent to be held liable for damage caused by a road defect, it must have had actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Davis v. Division of Highways, 11 Ct. Cl. 150 (1977); Chapman v. Division of Highways, 16 Ct. Cl. 103 (1986). In the present claim, the evidence demonstrated that respondent at least had constructive notice of the hazard. Respondent is aware that Route 50/5 is a narrow road and that at many locations vehicles must necessarily need to use the berm of the road to allow oncoming traffic to pass. Respondent is also aware that there are a number of pipe crossings on this road including the one at issue in this claim and that these present a hazard to the traveling public. Hazard paddles are placed at these locations to warn the public of the danger of maneuvering their vehicles to the edge of the road. However, there was no hazard paddle present at the pipe crossing where the claimant’s vehicle was totaled. Given the hazardous condition of this pipe crossing and the narrow nature of the road, respondent should have been more diligent in observing that the hazard paddle was missing and replaced it in a timely manner. Therefore, the Court has determined that respondent failed to provide adequate warning to the traveling public of a hidden danger which was the proximate cause of the damages to claimant’s vehicle.
Accordingly, the Court makes an award in this claim in the amount of $1,060.00 which is the amount of the vehicle depreciated to its value at the date of the accident plus the towing expense.
Award of $1,060.00.